IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TARELL MCCALL,<br><br>   Defendant. | CRIMINAL ACTION NO.<br><br>1:21-CR-00474-UNA |

## ORDER AND REPORT AND RECOMMENDATION

Defendant Tarell McCall has been declared incompetent to stand trial. He now moves to dismiss the indictment on the grounds that the government has violated his due process and speedy trial rights by not transferring him to a facility for an evaluation of whether his competency may be restored. [Doc. 36.] After reviewing the briefs, I **RECOMMEND** that the motion be **DENIED**; however, the government is **ORDERED** to promptly transfer Mr. McCall to a suitable facility consistent with my order dated April 20, 2022, and, pending his transfer to such a facility, to advise the Court and the parties on a biweekly basis of his status.

I.   **BACKGROUND**

Mr. McCall was arrested on November 16, 2021, at the Federal Building located at 401 West Peachtree Street in Atlanta, Georgia, following an altercation with several federal employees. [Doc. 1.] He was initially charged in eight

separate violations notices [*id.*], and, after his initial appearance, he was detained pending trial because there was a serious risk he would endanger the safety of another person or the community if released [Doc. 9].

On December 7, 2021, a grand jury seated in this district returned an indictment against Mr. McCall, charging him with three counts of assault on a federal employee in violation of 18 U.S.C. § 111(a)(1). [Doc. 14.]  At the request of defense counsel, Mr. McCall's arraignment was postponed four times due to counsel's concern that Mr. McCall was not competent to proceed to trial.  [Docs. 18, 19, 21, 22, 25, 26, 27, 28.]  On April 13, 2022, Mr. McCall's counsel moved for a fifth continuance and, simultaneously, the parties jointly moved for a competency hearing under 18 U.S.C. § 4241(a).  [Doc. 29, 30, 32.]  On April 20, the undersigned held a competency hearing and found that Mr. McCall was suffering from mental illness that rendered him mentally incompetent to stand trial and unable to assist properly in his defense.  [Doc. 32.]  As required under the Insanity Defense Reform Act ("IDRA"), 18 U.S.C. § 4241, the Court committed him to the custody of the Attorney General for hospitalization for treatment in a suitable facility, for a period of 120 days, to determine whether there was a substantial probability that in the foreseeable future he would attain the capacity to

permit the proceedings to go forward. [*Id.* at 1-2.] The Court found that the period from when Mr. McCall moved for a competency hearing, April 13, 2022, until the Court found him competent to stand trial would be a period of excludable delay under the Speedy Trial Act. [*Id.* at 2.]

Mr. McCall was not promptly transferred to a facility for evaluation. On June 14, 2022, his counsel contacted the United States Marshal Service ("USMS"), who advised that a bed availability date at Federal Medical Center ("FMC") Butner had not yet been determined. [Doc. 43 at 2.] On September 15, Mr. McCall's counsel again contacted USMS, who stated that transportation was delayed further because of bed availability. [*Id.*] USMS did not provide counsel an estimate of when Mr. McCall would be transported to FMC Butner or another facility. [*Id.*] At the time Mr. McCall's counsel filed the reply brief on December 2, Mr. McCall still had not been taken to a suitable medical facility for evaluation. [*Id.*]

## II.   DISCUSSION

### A.   Due Process Violation

Mr. McCall argues that his multi-month confinement pending transfer to a BOP facility for evalaution violates his right to due process because the nature and duration of the detention bears no reasonable relation to his treatment and restoration, as required under *Jackson v. Indiana*, 406 U.S. 715 (1972), and, thus,

3

the indictment must be dismissed. [Doc. 36 at 2-4.] Mr. McCall also cites to 18 U.S.C. § 4241(d) and *United States v. Donnelly*, 41 F.4th 1102 (9th Cir. 2022), for this proposition. [*Id.*] The government responds that, even if a due process violation has occurred, any such violation would not require that the indictment be dismissed. [Doc. 40 at 5-7.]

The Fifth Amendment guarantees the right against deprivation of "life, liberty, or property, without due process of law." U.S. Const. amend. V. To establish a due process violation, the alleged violation "must be so outrageous that it is fundamentally unfair and shocking to the universal sense of justice." *United States v. Ofshe*, 817 F.2d 1508, 1516 (11th Cir. 1987). In other words, "extreme circumstances . . . must exist before a due process violation will be found." *United States v. Savage*, 701 F.2d 867, 868 (11th Cir. 1983). Further, for the sanction of dismissal of the indictment to be appropriate, a defendant must show demonstrable prejudice, or a substantial threat thereof. *United States v. Morrison*, 449 U.S. 361, 365 (1981).

Under the IDRA, after an incompetency finding, the district court must "commit the defendant to the custody of the Attorney General" and then the "Attorney General shall hospitalize the defendant for treatment in a suitable facility

4

. . . for such a reasonable period of time, not to exceed four months." 18 U.S.C. § 4241(d). Congress enacted this statute following the Supreme Court's decision in *Jackson*, which held that due process prohibits a state from indefinitely confining a defendant solely because he is not competent to stand trial. *See* 406 U.S. at 738. The Supreme Court explained that "due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Id.*

Here, there is no need to resolve whether there has been a due process violation because, regardless of the answer, dismissal of the indictment is not the appropriate remedy at this time. Even in the central case on which Mr. McCall relies, *Donnelly*, the Ninth Circuit determined that dismissal of the indictment in a similar set of circumstances would not be appropriate. 41 F.4th at 1107 n.3 (determining that even if the defendant had established a violation of his rights under the Due Process Clause because of a months-long pre-hospitalization period, dismissal of the indictment would not be warranted because defendant had "not shown the kind of 'grossly shocking and outrageous' government misconduct necessary to justify dismissal of the charges against him"). Simply put, Mr. McCall has not shown the kind of outrageous circumstances or demonstrable prejudice that

would allow for such a remedy.[1]  *See Savage*, 701 F.2d at 868; *Morrison*, 449 U.S. at 365; *see also United States v. Cottingham*, No. 519CR00010LCBJHE1, 2020 WL 4341720, at *1-2, 4 (N.D. Ala. July 6, 2020), *report and recommendation adopted*, 2020 WL 4336018 (N.D. Ala. July 28, 2020) (finding dismissal of indictment was inappropriate where defendant was in custody for about six months waiting on bed space for a § 4241(d) evaluation).

All that said, the undersigned is concerned that nearly eight months have passed without Mr. McCall being evaluated for restorability due to circumstances entirely outside his control.  *See* 18 U.S.C. § 4241(d).  And this R&R should not suggest that there is no limit to the duration of pre-hospitalization confinement, even with BOP's excuse that bed space is limited.  The government is warned there may well be a point in time that dismissal of the indictment is the appropriate remedy.  In the meantime, the government is **ORDERED** to update the Court and

---

[1] Notably, Mr. McCall's argument, that the nature and duration of his commitment bear some reasonable relation to the purpose for which he is committed per *Jackson*, ignores that he is not actually committed yet.  Further, the circumstances of the defendant's confinement in *Jackson* are different than here because in *Jackson*, the defendant was held in custody solely to evaluate competency, whereas here, Mr. McCall was detained pending trial following his initial appearance on a criminal complaint due to risk to the safety to the community. [Doc. 9.]

defense counsel every **14 days** concerning Mr. McCall's status until he has been transported to a suitable facility for evaluation. The government is further **ORDERED** to promptly transport Mr. McCall to a suitable facility to evaluate whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward. *See Donnelly*, 41 F.4th at 1107 (discussing the district court's supervisory authority before ordering the Attorney General to hospitalize the defendant in a suitable facility within seven days).

### B. Speedy Trial Act

Mr. McCall's second argument is that the Speedy Trial Act authorizes a maximum of ten days of excludable time for the period during which a defendant is waiting to be transported to a facility for a competency evaluation. In support, he cites 18 U.S.C. § 3631(h)(1)(F), which states that any period longer than ten days for transportation to and from hospitalization is presumptively unreasonable. He also argues this provision should be read as an exception to the general rule announced in § 3161(h)(4), which provides tolling when a defendant is mentally incompetent. [Doc. 43 at 2-5.]

The Sixth Amendment guarantees a defendant the right to a "speedy" trial. U.S. Const. amend. VI. The Speedy Trial Act sets specified time limits to give

effect to this constitutional guarantee, providing seventy days for the government to commence trial of the defendant after, (1) the filing of an information or indictment, or (2) a defendant's first appearance, whichever occurs later.  *See* 18 U.S.C. § 3161(c)(1).  The Act further provides certain periods of time that are "excludable" from the seventy-day clock, or in other words, stop the clock.  *See id.* § 3161(h).  Relevant to this case, the following periods of time are excludable:

- "delay resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant," *id.* § 3161(h)(1)(A);

- "delay resulting from transportation of any defendant . . . to and from places of examination . . . except that any time consumed in excess of ten days from the date of an order . . . directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable," *id.* § 3161(h)(1)(F); and

- "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial," *id.* § 3161(h)(4).

The Courts of Appeal are split about the interplay between these provisions and the amount of time excludable spent in pre-hospitalization confinement for a competency evaluation.  On one side, the First, Third, Fifth, and Sixth Circuits have held that periods of unreasonable delay in the transportation of a defendant to the site of a mental competency examination are non-excludable.  *See United States v.*

*Williams*, 917 F.3d 195, 202 (3d Cir. 2019) (holding that periods of more than ten days of pre-hospitalization confinement in such a situation are non-excludable); *United States v. Tinklenberg*, 579 F.3d 589, 596 (6th Cir. 2009), *aff'd on other grounds*, 563 U.S. 647 (2011) (holding that a delay beyond the ten-day limit imposed by § 3161(h)(1)(F) is presumptively unreasonable, so in the absence of rebutting evidence to explain the additional delay, the extra time is not excludable); *United States v. Noone*, 913 F.2d 20, 25-26 (1st Cir. 1990) (same); *United States v. Castle*, 906 F.2d 134, 137 (5th Cir. 1990) (same).  Notably, in *Castle*, the Fifth Circuit determined that the government blaming budgetary constraints or showing a diligent effort in transportation would not rebut the presumption of unreasonableness in failing to transport a defendant within ten days. 906 F.2d at 137-38.

On the other side, the Second Circuit determined that an eight-month delay between the district court ordering a competency examination and the defendant arriving at the facility did not violate the Speedy Trial Act, and that this period of time was properly excludable. *United States v. Vasquez*, 918 F.2d 329, 333 (2d Cir. 1990).  Similarly, the Seventh Circuit held that an approximately six-month delay between such an order and arrival at FMC Butner was excludable because

9

§ 3161(h)(4) excuses any period of delay resulting from the fact that the defendant is mentally incompetent. *United States v. Patterson*, 872 F.3d 426, 433-34 (7th Cir. 2017). Most importantly, though, as the government cites, the Eleventh Circuit in an unpublished decision has determined that, even if there is a transportation delay that is unreasonably long and, thus, not excludable under § 3161(h)(1)(F), that time is excludable under § 3161(h)(4) if the defendant is mentally incompetent. *See United States v. Pendleton*, 665 F. App'x 836, 839 (11th Cir. 2016). The Eleventh Circuit explained that "the statute does not necessitate the conclusion that only one of the exclusions under § 3161(h) can apply at a time." *Id.*

Following the reasoning in *Pendleton*, Mr. McCall's Speedy Trial Act argument fails. As in *Pendleton*, Mr. McCall is experiencing an unreasonably long delay for transportation to FMC Butner, so this period is not excludable under § 3161(h)(1)(F). But it is excludable under § 3161(h)(4) because he has been found incompetent. Thus, there is no Speedy Trial Act violation at this point in the case and, as stated in the Court's earlier order, the period from April 13, 2022 until the Court finds him competent to stand trial will be considered a period of excludable delay under the Speedy Trial Act.

### III.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Mr. McCall's Motion to Dismiss Indictment be **DENIED.**

The government is **ORDERED** to promptly transport Mr. McCall to a suitable facility to evaluate whether is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.  Pending Mr. McCall's transfer to such a facility, the government is **ORDERED** to provide updates to the Court and defense counsel every **14 days** from the date of this Order and Report and Recommendation concerning Mr. McCall's status.

IT IS SO ORDERED AND RECOMMENDED this 12th day of December, 2022.

_____
JOHN K. LARKINS III
United States Magistrate Judge