IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> TARELL MCCALL, <br><br>   Defendant. | CRIMINAL ACTION NO. <br><br> 1:21-CR-474-SDG-JSA |

### NON-FINAL REPORT AND RECOMMENDATION

This case is before the Court to determine the competency of Defendant Tarell McCall to stand trial.

Mr. McCall is charged in this case with three counts of assault in violation of 18 U.S.C. § 111(a)(1). [Doc. 14.] At the request of defense counsel, Mr. McCall's arraignment was postponed four times due to counsel's concern that Mr. McCall was not competent to proceed to trial. [*See* Docs. 18, 19, 21, 22, 25, 26, 27, 28.] On April 13, 2022, Mr. McCall's counsel moved for a fifth continuance, and, simultaneously, the parties jointly moved for a competency hearing under 18 U.S.C. § 4241(a). [Doc. 29, 30, 32.] On April 20, 2022, the undersigned held a competency hearing and found that Mr. McCall was suffering from mental illness that rendered him mentally incompetent to stand trial and unable to assist properly in his defense. [Doc. 32.]

As required by 18 U.S.C. § 4241, the Court committed Mr. McCall to the custody of the Attorney General for hospitalization and treatment in a suitable facility to determine whether there was a substantial probability that, in the foreseeable future, he would attain the capacity to permit the proceedings to go forward. [*Id.* at 1-2.] Mr. McCall was transferred to the Federal Medical Center at Butner, North Carolina ("FMC Butner"), where he underwent a forensic evaluation with forensic psychologist Brianna Grover, Psy.D. [Doc. 52.] In a report dated May, 12, 2023, Dr. Grover opined that Mr. McCall was not competent, but that he could likely be restored with further treatment. [Doc. 52 (under seal).] On July 10, 2023, the undersigned held a hearing and again committed Mr. McCall for hospitalization to determine whether he could be restored. [Doc. 54.]

The Court is now in receipt of a Certification of Restoration of Competency signed by the Warden of FMC Butner, as well as an updated forensic evaluation from Dr. Grover in which she opines that Mr. McCall is not currently suffering from a mental disease or defect that would preclude his competency to stand trial. [Doc. 60 (under seal).] On December 20, 2023, the Court held a competency hearing. At the hearing, the parties stipulated to the competency findings in Dr. Grover's report.

Based on Mr. McCall's concession that he is now competent to stand trial (that is, he is able to understand the nature and consequences of the proceedings against him and to properly assist in his own defense), the Court's own observations of Mr. McCall at the hearing, and the findings provided in the most recent forensic evaluation, Mr. McCall appears to now be competent to stand trial. Accordingly, the undersigned reports that Defendant is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Therefore, the undersigned **RECOMMENDS** that Defendant be found **COMPETENT** to stand trial.[1]

IT IS SO RECOMMENDED this 20th day of December, 2023.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

---

[1] "It is not clear whether a ruling on a defendant's competency to stand trial is dispositive or non-dispositive." *United States v. Harris*, No. 1:12-CR-47-1, 2013 WL 5945064, at *1 (E.D. Tex. Nov. 4, 2013); *see United States v. Zendran*, No. 1:19-MJ-118-PAS, 2020 WL 7768034, at *1 (D.R.I. Dec. 30, 2020) (collecting cases where magistrate judges have resolved competency by order versus report and recommendation), *report and recommendation adopted*, 2021 WL 2411209 (D.R.I. June 14, 2021). The Eleventh Circuit has not addressed this issue; thus, out of an abundance of caution, the undersigned resolves this final issue of competency by report and recommendation.